# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN P. MAZUREK, | ) |
| | ) |
| Claimant, | ) No. 15-cv-1975 |
| | ) |
| v. | ) Jeffrey T. Gilbert |
| | ) Magistrate Judge |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Claimant John P. Mazurek ("Claimant") seeks review of the final decision of Respondent Nancy A. Berryhill, Acting Commissioner of Social Security ("Commissioner"), denying Claimant's application for supplemental security income under Title XVI of the Social Security Act. 42 U.S.C. § 1382c. Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 9.]

Pursuant to Federal Rule of Civil Procedure 56, Claimant has filed a motion for summary judgment. [ECF No. 13.] For the reasons stated below, Claimant's motion for summary judgment is granted. The decision of the Commissioner is reversed, and the case is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] On January 23, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25, Colvin is automatically substituted as the Defendant in this case. No further action is necessary to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

# I. PROCEDURAL HISTORY

On March 16, 2012, Claimant filed an application for supplemental security income, alleging a disability onset date of November 11, 2011. (R. 12.) After an initial denial and a denial on reconsideration, Claimant filed a request for an administrative hearing. (R. 12.) Claimant was represented by counsel and testified at a hearing before the Administrative Law Judge ("ALJ") on December 18, 2013. (R. 54-78.) A vocational expert ("VE") also testified at the hearing. *Id.*

On January 3, 2014, the ALJ issued a written decision denying Claimant's application for supplemental security income finding that he was not disabled under the Social Security Act. (R. 20.) The ALJ followed the five-step sequential evaluation process required by Social Security Regulations. 20 C.F.R. § 404.1520. At step one, the ALJ found Claimant had not engaged in substantial gainful activity since his alleged onset date of March 16, 2012. (R. 14.) At step two, the ALJ found Claimant had the severe impairments of status-post myocardial infarction with angina, hypertension, chronic headaches, chronic obstructive pulmonary disease ("COPD"), and obesity. *Id.* At step three, the ALJ found Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926). *Id.*

Before step four, the ALJ found Claimant had the residual functional capacity ("RFC") to perform light work, except that he could not climb ladders, ropes, or scaffolding and could have no concentrated exposure to temperature extremes. (R. 15.) Based on this RFC, the ALJ determined at step four that Claimant could not perform any past relevant work. (R. 19.) At step five, though, the ALJ found there were jobs existing in significant numbers in the national economy that Claimant could perform, including merchandise marker, clerical stock checker, and mail sorter. (R. 20.) Because of this determination, the ALJ found that Claimant was not

disabled under the Social Security Act. (R. 20.) The Social Security Appeals Council subsequently denied Claimant's request for review. (R. 1-6).

## II. STANDARD OF REVIEW

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). Under such circumstances, the district court reviews the decision of the ALJ. *Id.* Judicial review is limited to determining whether the decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standards in reaching her decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Even when there is adequate evidence in the record to support the decision, however, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). If the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).

The "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). It may not, however, "displace the ALJ's judgment by reconsidering facts or evidence ...." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). Thus, judicial review is limited to determining whether the

ALJ applied the correct legal standards and whether there is substantial evidence to support the findings. *Nelms*, 553 F.3d at 1097. The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

### III. ANALYSIS

Claimant asserts that the ALJ made three errors. First, Claimant argues the ALJ failed to address adequately the combined effect of Claimant's impairments and the medical equivalence to any listed impairment. Second, Claimant argues the ALJ erred in not giving the opinion of his treating physician Dr. Patel "controlling or great weight," resulting in an RFC assessment that is unsupported by substantial evidence. Third, Claimant contends the ALJ erred by not considering all of his limitations in the determination at step five.

### A. It Is Not Clear In The Record Whether The ALJ Carefully Considered The Combined Effect Of Claimant's Impairments And the Medical Equivalence Of The Combined Impairments

Claimant argues that the ALJ failed to consider carefully the combination of Claimant's impairments when evaluating his claims of disability. Claimant's Reply Memorandum [ECF No. 22, at 3.] The Court agrees.

When considering a claimant's combination of impairments, the ALJ must "consider the combined effects of all of the Claimant's impairments, even those that would not be considered severe in isolations." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). Obesity in combination with other impairments can create the equivalent of a listing "if the impairment is equivalent in severity to a listed impairment." *Accurso v. Astrue*, 2011 578849, at \*3 (N.D. Ill. 2011) (internal quotation and citation omitted); *Gentle v. Barnhardt*, 430 F.3d 865, 868 (7th Cir.

4

2005) (reversing an ALJ decision because the ALJ failed to consider the incremental effect of obesity on claimant's limitations).

In this case, the ALJ found that Claimant had multiple impairments, including status-post myocardial infarction with angina, hypertension, chronic headaches, COPD, and obesity. (R. 14.) The record, however, shows that Dr. Vincent and Dr. Mack, the state agency physicians, did not consider any combination of impairments because they concluded that Claimant suffered from only one medically determinable impairment — ischemic heart disease. (R. 57-58, 67). Also, neither physician checked boxes 34A or 34B on the Disability Determination and Transmittal Forms, which would have indicated that they had considered multiple impairments. (R. 52, 63).

Yet, there is evidence in the record that, over time, Claimant experienced deterioration of his heart's capacity to pump blood to the rest of his body. While the ALJ noted the results of the April 2013 echocardiogram, she did not discuss what an abnormal left ventricular ejection fraction ("LVEF") measurement of 40-45% reveals about Claimant's overall cardiac function. (R. 18, 501.) Specifically, the ALJ did not discuss in her opinion that Claimant's abnormal LVEF in April 2013 was significantly lower than his normal LVEF in January 2011. (R. 265, 501). Also, it is not clear whether the ALJ considered how Claimant's chronic hypertension would affect Claimant's overall cardiac function. Because the ALJ did not address Claimant's abnormal LVEF measurement or the effect of his chronic hypertension on his overall cardiac function, the ALJ failed to consider the combined effect of Claimant's impairments or, at a minimum, she did not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). Therefore, the ALJ's findings concerning the combined effect of Claimant's impairments cannot be upheld, and the case must remanded for further consideration and/or explanation.

In addition, Claimant argues that the ALJ "did not properly consider whether the combination of [Claimant's] impairments was medically equivalent to a Listing of Impairments." Claimant's Reply Memorandum [ECF No. 22, at 3.] The Court agrees.

Social Security Ruling 96-6p requires that an ALJ must obtain an updated medical opinion from a medical expert about medical equivalence. 20 C.F.R. 416.926(c); *Barnett v. Barnhart*, 381 F. 3d 664, 670-71 (7th Cir. 2004); *Minnick v. Colvin*, 775 F.3d 929, 935-36 (7th Cir. 2015). In her opinion, the ALJ stated that she considered the opinions of the State agency medical consultants. (R. 14.) However, the April, 2013 echocardiogram results indicating the significant LVEF drop were not available to Dr. Vincent and Mack when they offered their opinions in June 2012 and February 2013. (R. 17, 501.) As a result, these state agency physicians did not have all the information available and, specifically, the most current information, when they made their assessments. Also, these medical consultants only considered the criteria of Listing 4.04, and they did not offer any opinions on the medical equivalence issue. (R. 57-58, 67). Thus, the ALJ should have asked for updated medical opinions from the state agency doctors after this new (and potentially important) medical evidence became available.

The ALJ did not analyze whether the combination of Claimant's impairments was medically equivalent to a Listing; instead, the ALJ concluded that she "find[s] no evidence of listing level impairment with consideration given to listings, 3.02 and 4.04 or any of the other listed impairment identified in 20 CFR Part 404, Subpart P, Appendix 1." (R. 14.) The ALJ's finding was a mere conclusion without any analysis, and it did not build a bridge from the evidence to her conclusion. *Berger*, 516 F.3d at 544. Despite the interrelationship among Claimant's heart impairment, hypertension and COPD, there is not substantial evidence, or sufficient explanation from the ALJ, in the record to show that the ALJ considered the combined

6

affect on Claimant's overall medical condition or physical functional ability of her multiple impairments, and the Court will not speculate about what that analysis might or might not show. This omission deprives the Court of the means to review the ALJ's finding of no medical equivalence to determine whether it is supported by substantial evidence. *Brindisi ex. Rel. Brindisis v. Barnhart,* 315 F.3d 783, 787 (7th Cir. 2003). Therefore, the case is remanded to the Social Security Administration for further explanation.

### B. The ALJ's Decision To Reject Claimant's Treating Physicians' Opinions Is Not Supported By Substantial Evidence

Claimant argues that the ALJ erred in not giving any weight to Claimant's treating physician Dr. Patel (R. 18) and instead giving "great weight" to the opinions of two non-examining state agency physicians, Dr. Mack and Dr. Vincent (R. 17.) Claimant's Reply Memorandum [ECF No. 22, at 5.] The Court agrees with Claimant.

Social Security regulations direct an ALJ to evaluate each medical opinion in the record. 20 C.F.R. § 404.1527(c). The opinion of a claimant's treating physician is entitled to controlling weight as long as it is supported by medical findings and is not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *Loveless v. Colvin,* 810 F.3d 502, 507 (7th Cir. 2016); *Clifford v. Apfel,* 227 F.3d 863, 870 (7th Cir. 2000). When an ALJ decides not to give controlling weight to a claimant's treating physician, the ALJ must provide a sound explanation for doing so. *Punzio v. Astrue,* 630 F.3d 704, 710 (7th Cir. 2011). Even when an ALJ provides good reasons for not giving controlling weight, she still must determine and articulate what weight, if any, to give the opinion. *Scott v. Astrue,* 647 F3d 734, 740 (7th Cir. 2011). For this determination, the regulations mandate consideration of such factors as the length, nature, and extent of any treatment relationship; the frequency of examination; the physician's specialty; the types of tests performed; and the consistency of the physician's opinion with the record as a

7

whole. 20 C.F.R. § 404.1527(c); *Yurt v. Colvin*, 758 F.3d 850, 860 (7th Cir. 2014); *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009). In general, the opinions of physicians who have examined the patient merit more weight than the opinions of physicians who only have reviewed a claimant's medical records or files. *See Gitdgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003).

The ALJ gave no weight to Dr. Patel's opinions because she found that "he offered extreme limitations that are based on subjective allegations." (R. 18.) The ALJ said that Claimant "testified he has greater abilities than Dr. Patel opined, such as being able to walk one block, not just a quarter block. Also, Dr. Patel wrote that the claimant has severe headaches due to frequent use of nitroglycerin, however, the claimant testified he only uses nitroglycerin one time on a good day and two times on a bad day." *Id.* Instead, the ALJ gave great weight to the state agency physicians because they were "reasonable at the time and well supported." (R. 17.) However, as discussed above, state agency physicians Dr. Mack and Dr. Vincent did not consider the combination of Claimant's impairments in forming their opinions. In addition, the state agency doctors did not have access to all of the medical records that were made available to the ALJ. This calls into question whether the ALJ's decision to give greater weight to the opinions of the two non-examining state agency physicians over Claimant's treating physician is supported by substantial evidence.

Dr. Patel is Claimant's treating physician, and the record contains evidence of Claimant's extensive treatment relationship with Dr. Patel. Dr. Patel performed cardiac surgery on Claimant in November, 2011 when he suffered a myocardial infarction. (R. 264-65, 267, 269). After the surgery, Dr. Patel saw Claimant at least 14 times on an outpatient basis and noted that Claimant experienced symptoms of shortness of breath, fatigue, bronchospasm, wheezing, palpitations, dizziness, headaches, and chest tightness. (R. 257-58, 475, 487-503). He understood Claimant's

8

cardio-pulmonary impairment and noted in the Cardiac Residual Functional Capacity Questionnaire that Claimant is "totally disabled unable to do any work due to multiple cardio-pulmonary symptoms." (R. 503). Dr. Patel also was aware of the significant deterioration in Claimant's LVEF from January 2011 (R. 265) to April 2013. (R. 501).

The ALJ rejected Dr. Patel's opinions because she characterized them as based on Claimant's subjective allegations and not supported by objective findings consistent with a finding for a disability. However, the records show that Claimant's cardiac surgery occurred due to the abnormal electrocardiogram and not Claimant's subject complaints. (R. 267, 507.) In addition, the significant reduction in Claimant's LVEF also was not based on Claimant's subjective complaints, but was based on medical examination. The Court is not convinced that the ALJ properly weighed the opinion evidence or that the ALJ provided sufficient reasons for not providing controlling weight to Dr. Patel's opinions, and therefore, remand is appropriate.

### C. The ALJ's Decision About Claimant's Ability To Sustain Light Work Is Not Supported by Substantial Evidence

Finally, Claimant argues that the ALJ did not assess Claimant's ability to sustain light work on a regular and continuing basis and that this case should be remanded to properly assess his ability to sustain work activities on a full-time schedule. Claimant's Memorandum [ECF No. 13, at 12.] Again, the Court agrees with Claimant.

An ALJ must assess whether a disability claimant can sustain work activities eight hours a day five consecutive days of the work week. *Carradine v. Barnhart*, 360 F.3d 751, 755-56 (7th Cir. 2004). An RFC assessment must include the disability claimant's ability to sustain work activities on a regular and continuing basis. *See* SSR 96-8p.

Claimant's treating physician Dr. Patel provided detailed opinions about Claimant's physical capacity in which he concluded that Claimant could not sustain light work activities. In

9

the Cardiac Residual Functional Capacity Questionnaire, Dr. Patel noted the following symptoms: chest pain, angina equivalent pain, shortness of breath, fatigue, weakness, edema, palpitations, and dizziness. (R. 475). Dr. Patel also highlighted that Claimant experiences anginal pain on a regular basis (*Id.*), and that Claimant is unable to stand and walk due to his pain. (R. 503). Dr. Patel concluded that Claimant has "significant and serious cardio-pulmonary problems and symptoms. He is totally and permanently disabled to do any type of work." (R. 505). Even though the ALJ limited Claimant from concentrated exposure to temperature extremes, Dr. Patel opined that Claimant should avoid all environmental exposures. (R. 504).

The ALJ stated that she did not find Claimant's "testimony regarding the severity or frequency of his symptoms to be fully credible or supportive of any greater limitations." (R. 18.) However, as discussed above, the ALJ gave "no weight" to Dr. Patel's statements and, therefore, did not fully consider how Claimant's impairments and symptoms would interfere with his ability to sustain a full time schedule at light work level. On remand, the ALJ should conduct that analysis.

## IV. CONCLUSION

For the reasons set forth in the Court's Memorandum Opinion and Order, Claimant's Motion for Summary Judgment is granted, and the decision of the Commissioner is reversed. This case is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

							_____
							Jeffrey T. Gilbert
							United States Magistrate Judge

Dated: March 20, 2017